05- 40013-FDS

**UNITED STATES DISTRICT COURT**

OFFICE OF THE CLERK

DISTRICT OF VERMONT

FEDERAL BUILDING

BURLINGTON, VERMONT 05402-0945

☒ P.O. BOX 945
BURLINGTON 05402-0945
(802) 951-6301
☐ P.O. BOX 998
BRATTLEBORO 05302-0998
(802) 254-0250
☐ P.O. BOX 607
RUTLAND 05702-0607
(802) 773-0245

RICHARD PAUL WASKO
CLERK

April 19, 2005

Tony Anastas, Clerk
United States District Court for the
District of Massachusetts
One Courthouse Way, Room 2300
Boston, MA 02210-3002

        RE: *USA vs. BOYLE, Steven*
        Docket No.  2:99-CR-27-1

Dear Clerk of Court:

        Enclosed are certified copies of the Indictment, Plea Agreement, Amended Judgment, and docket entries for the above captioned case which has been transferred to your district pursuant to Probation Form 22 - Transfer of Jurisdiction (extra copy enclosed).

        Please acknowledge receipt on the copy of this letter provided.

                        Sincerely,

                        Richard Paul Wasko
                        Clerk

                        BY: *Kim Wright*
                            Deputy Clerk

Copy to:
U.S. Attorney's Office, Burlington, VT
Maryanne Kampmann, Esq.
U.S. Probation Office, Burlington, VT

=============================================

RECEIVED ABOVE MATERIALS THIS 25th DAY OF April , 2005.

                Signature: *Kathleen Hackett*
                Date: 4-25-05

8

AO 245C (Rev. 8/96) Sheet 1 - Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))

# United States District Court

### District of Vermont

DISTRICT OF VERMONT
FILED

SEP 15  4 42 PM '99

CLERK

DEPUTY CLERK

UNITED STATES OF AMERICA

v.

**Steven Boyle**

**Date of Original Judgment:** **06/21/1999**
*(or Date of Last Amended Judgment)*

**Reason for Amendment:**

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**AMENDED JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:  **2:99CR00027-001**

**Maryanne Kampmann, Esq.**
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☒ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255,
   ☐ 18 U.S.C. § 3559(c)(7), or    ☐ Modification of Restitution Order

*Recommendation changed*

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  **1 & 2**

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 2113 (a) | Bank Robbery | 02/19/1998 | 1 |
| 18 U.S.C. ' 2113 (a) | Bank Robbery | 08/04/1998 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: **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** | **09/15/1999** |
| Defendant's Date of Birth: **11/22/1960** | Date of Imposition of Judgment |
| Defendant's USM No.: **04356-082** | |
| Defendant's Residence Address: | |
| **105 Cross Street** | Signature of Judicial Officer |
| **3rd Floor** | |
| **Southbridge          MA      01550** | **William K. Sessions III** |
| | **U.S. District Judge** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| **105 Cross Street** | |
| **3rd Floor** | **9-15-99** |
| **Southbridge          MA      01550** | Date |

I hereby attest and certify on
**April 19, 2005** _____, that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: _____ Deputy Clerk

JUDGMENT ENTERED ON DOCKET
DATE 9-16-99

8

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 2 - Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment-Page __2__ of __7__

DEFENDANT:    **Steven Boyle**

CASE NUMBER:    **2:99CR00027-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____**60    month(s)**____ .

**on Counts 1 & 2 to be served concurrent to each other and to Count 1 in related case (No. 2:98-CR-79-01).**

☒  The court makes the following recommendations to the Bureau of Prisons:

**the Court strenuously recommends participation in the 500 hour drug/alcohol rehabilitation program offered and designation to a facility that provides that program.  Also, the Court recommends that the defendant's federal sentence run concurrent to his Massachusetts' state sentence.**

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____ a.m./p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____ to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal

Ao 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release                    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __3__ of __7__

DEFENDANT:        **Steven Boyle**
CASE NUMBER:      **2:99CR00027-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____ **year(s)** .

**to be served concurrent to related case (No. 2:98-CR-79-01).**

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page 4

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

.U 245C (Rev. 8/96) Amended Judgment in a Criminal ●e: Sheet 3 - Supervised Release

Judgment-Page __4__ of __7__

DEFENDANT:        **Steven Boyle**
CASE NUMBER:      **2:99CR00027-001**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall make restitution payments.  At least 10% of the defendant's income should be credited to these payments.

The defendant shall not incur new credit charges or open any additional lines of credit without approval of the probation officer.

The defendant shall permit the probation officer access to any requested financial information.

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.  The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

The defendant shall participate in a mental health program approved by the United States Probation Office.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties          (NOTE:  Identify Changes with Asterisks (*))

Judgment-Page __5__ of __7__

DEFENDANT:     **Steven Boyle**

CASE NUMBER:   **2:99CR00027-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|              | **Assessment** | **Fine** | **Restitution** |
|--------------|----------------|----------|-----------------|
| **Totals:**  | $      200.00  | $        | $    21,368.73  |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of     $_____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|------------------------|-------------------------------|------------------------------------------|
| Merchants Bank |  | $7,555.00 |  |
| Savings Bank of Manchester |  | $8,230.00 |  |
| U.S. Currency Protection Corp. |  | $3,446.75 |  |
| Cargill Bank |  | $2,136.98 |  |
| **Totals:** | $_____ | $     21,368.73 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 5, Part B - Criminal Monetary Penalties          (NOTE: Identify Changes with Asterisks (*))

Judgment-Page ___6___ of ___7___

DEFENDANT:       **Steven Boyle**
CASE NUMBER:    **2:99CR00027-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Payment of any outstanding restitution shall become a condition of supervised release. At least 10% of the defendant's income should be credited to these payments.**

| ☒  Joint and Several Case Number (including Defendant Number) | Defendant Name | Joint and Several |
|---|---|---|
| 2:98-CR-79-01 | Steven Boyle  (related case) | $21,368.73 |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 6 - Statement of Reasons        (NOTE: Identify Changes with Asterisks (*))

Judgment-Page  7  of  7

DEFENDANT:      **Steven Boyle**

CASE NUMBER:    **2:99CR00027-001**

# STATEMENT OF REASONS

☒  The court adopts the factual findings and guideline application in the presentence report.

## OR

☐  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:        **24**

Criminal History Category:        **I**

Imprisonment Range:    **51 to 63 months**

Supervised Release Range:    **at least 2 but not more than 3 years**

Fine Range:  $ ____**10,000.00**____ to $ ____**100,000.00**____

☒  Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ ____**21,368.73**____

☐  Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐  For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐  Partial restitution is ordered for the following reason(s):

☒  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐  The sentence departs from the guideline range:

☐  upon motion of the government, as a result of defendant's substantial assistance.

☐  for the following specific reason(s):

2.

**RECEIVED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAR 8 _ 1999

**U.S. DISTRICT COURT**
**BURLINGTON, VT.**

Grand Jury No. N-97-4

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| STEVEN L. BOYLE | : |
| | : |
| | : |

CRIMINAL NO. _____

3:99CR 234 (CFD)
AA

18 U.S.C. § 2113(a)
(Bank Robbery)

2:99cr27-1

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about the 19th day of February, 1998, in the District of Connecticut, the defendant, STEVEN L. BOYLE, by intimidation did take from the person or presence of another money, i.e., approximately $8,230.00, belonging to and in the care, custody, control, management, and possession of the Savings Bank of Manchester in Dayville, Connecticut, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation. In violation of Title 18, United States Code, Section 2113(a).

I hereby attest and certify on
April 19 2005 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: _____ Deputy Clerk

### COUNT TWO

On or about the 4th day of August, 1998, in the District of Connecticut, the defendant, STEVEN L. BOYLE, by intimidation did take from the person or presence of another money, i.e., approximately $10,795.00, belonging to and in the care, custody,

control, management, and possession of the Cargill Bank in Woodstock, Connecticut, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

In violation of Title 18, United States Code, Section 2113(a).

A TRUE BILL

_____
FOREPERSON

I hereby certify that the foregoing
is a true copy of the original document
on file.  Date: 11/24/98

KEVIN F. ROWE
Clerk

By _____
Deputy Clerk

_____
STEPHEN C. ROBINSON
UNITED STATES ATTORNEY

_____
BARBARA (BAILEY) JONGBLOED
CHIEF, CRIMINAL DIVISION

_____
BRIAN E. SPEARS
ASSISTANT UNITED STATES ATTORNEY

I hereby certify this to be a copy of
the original of the original document
3-4-99

B. Sunbury

2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

FEB 10  10 00 AM '99

CLERK

BY _____

DEPUTY CLERK

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES OF AMERICA )
                         )
              v.         )    Criminal No. 2:98-CR-79-01
                         )
STEVEN BOYLE             )    ✝ 2:99cr 27-01

### PLEA AGREEMENT

The United States of America, through the United States
Attorney for the District of Vermont (hereafter "the United
States"), and the defendant, STEVEN BOYLE, agree to the
following in regard to the disposition of a pending criminal
charges against STEVEN BOYLE in the District of Vermont and
the District of Connecticut.

1. STEVEN BOYLE agrees to plead guilty to the instant
District of Vermont indictment charging him with one count
of bank robbery in violation of Title 18, United States
Code, Section 2113(a), docket no. 2:98-CR-79-01, and to the
District of Connecticut indictment charging him with two
counts of bank robbery, also in violation of section
2113(a), docket no. 3:98CR234.  STEVEN BOYLE further agrees,
pursuant to Federal Rule of Criminal Procedure 20 to a
transfer of the pending District of Connecticut proceedings
against him to the District of Vermont for final resolution.

2. STEVEN BOYLE understands, agrees and has had
explained to him by counsel that the Court may impose the
following sentence on his plea for each of the counts

I hereby attest and certify on
April 19, 2005 , that
the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: _____ Deputy Clerk

Q3

described above: not more than 20 years of imprisonment, pursuant to 18 U.S.C. § 2113(a); not more than a 5 year period of supervised release, pursuant to 18 U.S.C. § 3583(b); not more than a $250,000 fine, pursuant to 18 U.S.C. § 3571; and a $ 300.00 special assessment. Full restitution may also be ordered.

3. It is the understanding of the parties to this agreement that the plea will be entered under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The defendant represents that he intends to plead guilty because he is, in fact, guilty of the crimes with which he is charged.

4. STEVEN BOYLE agrees and understands that this agreement is conditioned upon his providing the United States Attorney, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order made payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $300.00 for which he will be responsible when sentenced. The United States agrees to safeguard and pay the special assessment imposed at sentencing to the Clerk of the Court immediately after sentencing. In the event that this plea agreement is for any reason terminated or the defendant's guilty plea is not accepted by the Court, the special assessment shall be promptly refunded to STEVEN BOYLE. In the event that the tendered bank check is not

2

honored for whatever reason, the defendant understands that
he will still be liable for the amount of the special
assessment which the Court imposes. STEVEN BOYLE
understands and agrees that, if he fails to pay the special
assessment in full prior to sentencing, the United States'
obligations under this plea agreement will be terminated,
the United States will have the right to prosecute STEVEN
BOYLE for any other offenses he may have committed, and will
have the right to recommend the Court impose any lawful
sentence. Under such circumstances, STEVEN BOYLE will have
no right to withdraw his plea of guilty.

5.  STEVEN BOYLE agrees and understands that it is a
condition of this agreement that he refrain from committing
any further crimes whether federal, state or local and that,
if on release, he will abide by all conditions of release.

6.  The United States agrees that in the event that
STEVEN BOYLE fully and completely abides by all conditions
of this agreement, the United States will:

>    (a)  not prosecute him in the Districts of Vermont and
>         Connecticut for any other criminal offenses known
>         to the United States Attorney's Office as of the
>         date of the signing of this plea agreement
>         committed by him in the Districts of Vermont and
>         Connecticut relative to bank robbery occurring in
>         June 1998 (in Vermont) and February 1998 and
>         August 1998 (in Connecticut);

3

(b)  recommend to the sentencing Court that he be sentenced to a term of imprisonment at the low end of the Sentencing Guidelines range applied by the Court in imposing the sentence; and

(c)  recommend that he receive credit for acceptance of responsibility under Guideline Section 3E1.1, provided that he cooperates truthfully and completely with the Probation Office during the presentence investigation and abides by the conditions of his release and further provided that no new information comes to the attention of the United States Attorney's Office relative to the issue of his receiving credit for acceptance of responsibility.

7.  If the United States determines, in its sole discretion, that the defendant has committed any offense after the date of this agreement, or violated any condition of release, or has failed to cooperate fully with the Probation Office, or has provided any intentionally false, incomplete or misleading information to Probation, the United States' obligations under paragraph 6 of this agreement will be void and the United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute the defendant for any other offenses he may have committed in the Districts of Vermont and Connecticut.  The defendant

4

understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered pleas of guilty.

8.   STEVEN BOYLE fully understands that the sentence to be imposed on him is within the sole discretion of the Court.   The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement.   The United States does not make any promises or representations as to what sentence STEVEN BOYLE will receive.   The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and the positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement).   The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a pleas of guilty previously entered and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

9. Further STEVEN BOYLE fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court.   Thus, the defendant expressly acknowledges that in the event that any

5

estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

10.  It is further understood and agreed by the parties that should the defendant's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and the defendant may be prosecuted for any and all offenses otherwise permissible.  If the plea is withdrawn or vacated on motion of the defendant, the defendant herein expressly agrees that the entire period of time that elapses between the signing of this agreement and the withdrawal or vacatur of the plea shall be disregarded in calculating whether the prosecution of any previously-dismissed charges is timely under the applicable statute of limitations.  The defendant also expressly agrees to waive any defense to the reprosecution of charges that he might have under the Speedy Trial Act, the speedy trial guarantees of the Constitution, or any other constitutional or statutory provision.

11.  It is further understood that this agreement is limited to the Office of the United States Attorney for the Districts of Vermont and Connecticut and cannot bind other federal, state or local prosecuting authorities.

12.  Nothing in this agreement shall be construed as limiting the right of either party to move for an upward or

6

downward departure from the otherwise applicable Guidelines
sentencing range.

   13.  In voluntarily pleading guilty to the charges in
the two indictments, STEVEN BOYLE acknowledges that he
understands the nature of the charges to which the plea is
offered.  He also acknowledges that he has the right to
plead not guilty or to persist in a plea of not guilty; that
he has the right to be tried by a jury and at that trial a
right to the assistance of counsel; that he has the right to
confront and cross-examine adverse witnesses; that he has
the right against compelled self-incrimination; that if his
pleas of guilty are accepted by the Court, there will be no
further trial of any kind, so that by pleading guilty he
waives the right to a trial and the other rights enumerated
here.

   14. STEVEN BOYLE expressly states that he makes this
agreement of his own free will, with full knowledge and
understanding of the agreement and with the advice and
assistance of his counsel, Maryanne E. Kampmann, Esq.
STEVEN BOYLE further states that his pleas of guilty are not
the result of any threats or of any promises beyond the
provisions of this agreement.  Furthermore, STEVEN BOYLE
expressly states that he is fully satisfied with the
representation provided to him by his attorney, Maryanne E.
Kampmann, Esq., and has had full opportunity to consult with
his attorney concerning this agreement, concerning the

7

applicability and impact of the sentencing guidelines
(including, but not limited to, the relevant conduct
provisions of Guideline Section 1B1.3), and concerning the
potential terms and conditions of supervised release.

    15.   No agreements have been made by the parties or
their counsel other than those contained herein.

    16.   It is agreed that a copy of this agreement shall
be filed with the Court before the time of the defendant's
change of plea.

    Dated at Rutland, in the District of Vermont, this 26
day of January, 1999.

UNITED STATES OF AMERICA

CHARLES R. TETZLAFF
United States Attorney

By:

GARY G. SHATTUCK
Assistant U.S. Attorney
Fed. Bar Id. # 000721851

2 - 9 - 99
DATE

STEVEN BOYLE
DEFENDANT

I have read, fully reviewed and explained this agreement to
my client, STEVEN BOYLE, and I hereby approve of it.

2-9-99
DATE

Maryanne E. Kampmann
Counsel for the Defendant
Fed. Bar Id. # 000371203

8

| ✎PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)*<br>2:98-CR-79-01 |
|---|---|---|
| TRANSFER OF JURISDICTION | | DOCKET NUMBER *(Rec. Court)*<br>4:05CR40013 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Steven Boyle<br><br>82 Park Road<br><br>Charlton, MA  01507 | Vermont | Criminal |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Hon. William K. Sessions III |

| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM | TO |
|---|---|---|---|
| | | 2/22/05 | 2/21/08 |

| OFFENSE |
|---|
| Bank Robbery; 18 U.S.C. § 2113(a) |

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Judicial _____ DISTRICT OF _____ Vermont _____

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the  District of Massachusetts  upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

___3/11/05___
*Date*

_____
*United Sates District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Judicial _____ DISTRICT OF _____ Massachusetts _____

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

___April 12, 2005___
*Effective Date*

_____
*United States District Judge*

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 2:99-CR-27-01 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 4:05CR40013 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Steven Boyle | Vermont | Criminal |
| 82 Park Road | NAME OF SENTENCING JUDGE | |
| Charlton, MA  01507 | Hon. William K. Sessions III | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 2/22/05 | TO 2/21/08 |

| OFFENSE |
|---|
| Bank Robbery (2 Cts.); 18 U.S.C. § 2113(a) |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Judicial_____ DISTRICT OF _____Vermont_____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the District of Massachusetts upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

3/11/05
_____
*Date*

_____
*United Sates District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Judicial_____ DISTRICT OF _____Massachusetts_____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

April 12, 2005
_____
*Effective Date*

_____
*United States District Judge*

AO 245C (Rev. 8/96) Sheet 1 - Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))

# United States District Court

## District of Vermont

SEP 15  4 42 PM '99

UNITED STATES OF AMERICA

v.

**Steven Boyle**

**Date of Original Judgment:**  06/21/1999
*(or Date of Last Amended Judgment)*

## Reason for Amendment:

- ☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

### AMENDED JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **2:99CR00027-001**          DEPUTY CLERK

Maryanne Kampmann, Esq.
Defendant's Attorney

- ☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☒ Direct Motion to District Court ~~Pursuant to~~   ☐ 28 U.S.C. § 2255,
  - ☐ 18 U.S.C. § 3559(c)(7), or  ☐ Modification of Restitution Order

*Recommendation changed*

## THE DEFENDANT:

- ☒ pleaded guilty to count(s)  **1 & 2**
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 2113 (a) | Bank Robbery | 02/19/1998 | 1 |
| 18 U.S.C. ' 2113 (a) | Bank Robbery | 08/04/1998 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **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**

Defendant's Date of Birth:  **11/22/1960**

Defendant's USM No.:  **04356-082**

Defendant's Residence Address:

**105 Cross Street**

**3rd Floor**

**Southbridge**          **MA**      **01550**

Defendant's Mailing Address:

**105 Cross Street**

**3rd Floor**

**Southbridge**          **MA**      **01550**

09/15/1999
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

**William K. Sessions III**

**U.S. District Judge**
Name & Title of Judicial Officer

*9-15-99*
Date

**JUDGMENT ENTERED ON DOCKET**
DATE: *9-16-99*

AO 245C (Rev. 8/96) Amended Judgment in a Criminal   3. Sheet 2 - Imprisonment                                      (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __2__ of __7__

DEFENDANT:       Steven  Boyle
CASE NUMBER:     2:99CR00027-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____60____ month(s) _____ .

on Counts 1 & 2 to be served concurrent to each other and to Count 1 in related case (No. 2:98-CR-79-01).

☒   The court makes the following recommendations to the Bureau of Prisons:

the Court strenuously recommends participation in the 500 hour drug/alcohol rehabilitation program offered and designation to a facility that provides that program.  Also, the Court recommends that the defendant's federal sentence run concurrent to his Massachusetts' state sentence.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ a.m./p.m.  on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Judgment-Page __3__ of __7__

DEFENDANT:    **Steven Boyle**
CASE NUMBER:    **2:99CR00027-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____ year(s) .

**to be served concurrent to related case (No. 2:98-CR-79-01).**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
**See Special Conditions of Supervision - Page    4**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 8/96) Amended Judgment in a Crimin   : Sheet 3 - Supervised Release

Judgment-Page __4__ of __7__

DEFENDANT:      Steven Boyle

CASE NUMBER:    2:99CR00027-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall make restitution payments.  At least 10% of the defendant's income should be credited to these payments.

The defendant shall not incur new credit charges or open any additional lines of credit without approval of the probation officer.

The defendant shall permit the probation officer access to any requested financial information.

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.  The defendant shall refrain from the use of alcohol and other intoxicants during and after treatment.

The defendant shall participate in a mental health program approved by the United States Probation Office.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

AO 245C (Rev. 8/96) Amended Judgment in a Crimi    t; Sheet 5, Part A - Criminal Monetary Penalties    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __5__ of __7__

DEFENDANT:    **Steven  Boyle**

CASE NUMBER:    **2:99CR00027-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $         200.00 | $ | $         21,368.73 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . .    $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of    $_____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Merchants Bank |  | $7,555.00 |  |
| Savings Bank of Manchester |  | $8,230.00 |  |
| U.S. Currency Protection Corp. |  | $3,446.75 |  |
| Cargill Bank |  | $2,136.98 |  |
| **Totals:** | $_____ | $_____21,368.73 |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (Rev. 8/96) Amended Judgment in a Crimin.          Sheet 5, Part B - Criminal Monetary Penalties          (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __6__ of __7__

DEFENDANT:          **Steven Boyle**

CASE NUMBER:          **2:99CR00027-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☒   in full immediately; or

B   ☐   $ _____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____ ; or

D   ☐   in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Payment of any outstanding restitution shall become a condition of supervised release. At least 10% of the defendant's income should be credited to these payments.**

☒   Joint and Several
Case Number
(including Defendant Number)          Defendant Name

| Case Number (including Defendant Number) | Defendant Name | Joint and Several |
|---|---|---|
| 2:98-CR-79-01 | Steven Boyle (related case) | $21,368.73 |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment-Page __7__ of __7__

DEFENDANT:      Steven Boyle
CASE NUMBER:    2:99CR00027-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:      24

Criminal History Category:      I

Imprisonment Range:   51 to 63 months

Supervised Release Range:   at least 2 but not more than 3 years

Fine Range: $ ____10,000.00____ to $ ____100,000.00____

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ____21,368.73____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

**UNITED STATES POSTAL SERVICE**

**POSTAL MONEY ORDER**

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | U.S. DOLLARS AND CENTS |
|---|---|---|---|
| 0727 2066 025 | 2005-03-31 | 015070 | $45.00¢ |

AMOUNT **FORTY-FIVE DOLLARS & 00¢**************************

PAY TO Clerk- US District Court

ADDRESS 595 Main Street

Worcester, Ma. 01608

D.D. NO. OR USED FOR Restitution 98-00079

# 4:05-cr-40013

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

FROM Steven Boyle

ADDRESS 82 Park Road

Charlton, Ma. 01507

CLERK 002

POBox #344

⑆000000800⑆ 0727206 6025 ⑈

| | | Balance | |
|---|---|---|---|
| | :56 | | |
| | | 21,368.73 | REST |
| | | 21,368.73 | |
| | 100.00 | 100.00 | SA |
| | 100.00 | 100.00 | |
| Stmt Charge | 02/17/1999 | | |
| Total SA 2 | 200.00 | 200.00 | SA |
| | 200.00 | 200.00 | |
| Total Boyle, Steven - Cr. 98-79-01 | 21,668.73 | 21,668.73 | |
| **TOTAL** | 21,668.73 | 21,668.73 | Total due |

please open this case in CFS for the D/MA. If you have any questions, please call me.

thanks!

Barbara Hazen

508-989-9939

## United States District Court
## Restitution Report
### All Transactions

03/11/05

FILED
THIS OFFICE

2005 APR 19 P 2:56

| Type | Date | Num | Memo | Amount | Balance | |
|------|------|-----|------|--------|---------|---|
| **Boyle, Steven - Cr. 98-79-01** | | | | | | |
| Restitution | | | | | | |
| Stmt Charge | 6/21/1999 | | as per judgment | 21,368.73 | 21,368.73 | REST |
| Total Restitution | | | | 21,368.73 | 21,368.73 | |
| **SA** | | | | | | |
| Stmt Charge | 6/21/1999 | | as per judgment | 100.00 | 100.00 | SA |
| Total SA | | | | 100.00 | 100.00 | |
| **SA 2** | | | | | | |
| Stmt Charge | 6/21/1999 | | as per judgment | 200.00 | 200.00 | SA |
| Total SA 2 | | | | 200.00 | 200.00 | |
| Total Boyle, Steven - Cr. 98-79-01 | | | | 21,668.73 | 21,668.73 | |
| **TOTAL** | | | | **21,668.73** | **21,668.73** | Total Due |

please open this case in CFS for the D/MA. If you have any questions, please call me. thanks!

Barbara Huzen
508-989-9939



Sue
Gagne/VTP/02/USCOURTS
03/14/2005 02:09 PM

To  Barbara Hazen/MAP/01/USCOURTS@USCOURTS

cc

bcc

Subject  Re: Boyle (2)

Barbara,  I rec'd this message from our Clerk's Office:

Steven Boyle has not made any payments on the 2 SA charges nor on his restitution.  $100 was ordered for 2:98-CR-79; $200 was ordered for 2:99-CR-27; and restitution was ordered for both related cases in the amount of $21,368.73.  His Quickbooks account shows only the amounts he was ordered.  There are no payments on his account which I have also verified by reviewing the case dockets.  Please let me know if you need anything else.

Sue Gagne
Secretary to the Management Team
U.S. Probation Office
District of Vermont
Barbara Hazen/MAP/01/USCOURTS

Barbara
Hazen/MAP/01/USCOURTS
03/14/2005 01:51 PM

To  Sue Gagne/VTP/02/USCOURTS@USCOURTS

cc

Subject  Re: Boyle (2)

thanks again!

Barbara_Hazen@map.uscourts.gov
(508) 929-9939
Sue Gagne/VTP/02/USCOURTS



Sue
Gagne/VTP/02/USCOURTS
03/14/2005 01:49 PM

To  Barbara Hazen/MAP/01/USCOURTS@USCOURTS

cc

Subject  Re: Boyle (2)

Barbara,  I have a request into our Clerk's Office.  I will let you know what we come up with.

Sue

Sue Gagne
Secretary to the Management Team
U.S. Probation Office
District of Vermont
Barbara Hazen/MAP/01/USCOURTS

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 2:99-CR-27-01 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 4:05CR40013 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Steven Boyle | Vermont | Criminal |
| 82 Park Road | NAME OF SENTENCING JUDGE | |
| Charlton, MA 01507 | Hon. William K. Sessions III | |

| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|---|
| | | 2/22/05 | 2/21/08 |

**OFFENSE**

Bank Robbery (2 Cts.); 18 U.S.C. § 2113(a)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Judicial _____ DISTRICT OF _____ Vermont _____

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the  District of Massachusetts _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 3/11/05 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Judicial _____ DISTRICT OF _____ Massachusetts _____

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| April 12, 2005 | |
|---|---|
| *Effective Date* | *United States District Judge* |